*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  13b0007n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

_____

In re:   KEM LOTT RALPH,

Debtor.

_____

)
)
)
)
)
)
)

No. 13-8005

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee
Case No. 06-24163

Decided and Filed: August 27, 2013

Before: HARRIS, HUMPHREY, AND PRESTON, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

_____

**ON BRIEF:**  David J. Cocke, EVANS PETREE, PC, Memphis, Tennessee, for Appellant.  John L.
Ryder, Brent A. Heilig, HARRIS SHELTON HANOVER WALSH PLLC, Memphis, Tennessee,
for Appellees.

_____

**OPINION**

_____

ARTHUR I. HARRIS, Bankruptcy Appellate Panel Judge.  At issue in this appeal is the
scope of the exception in Rule 9024 of the Federal Rules of Bankruptcy Procedure to the one-year
time limit under Rule 60(c) of the Federal Rules of Civil Procedure.  The debtor-appellant asserts
that the exception in Rule 9024 "for the reconsideration of an order allowing or disallowing a claim
against the estate entered without a contest" encompasses his request to revisit portions of a

comprehensive settlement agreement, entered nearly three years earlier, which involved much more than just the allowance or disallowance of a claim. After reviewing the record, the parties' briefs, and applicable law, the Panel concludes that the bankruptcy court did not err in determining that the debtor-appellant's motion fell outside the exception in Rule 9024 for the reconsideration of claims and was therefore untimely under Rule 60(c). Accordingly, we affirm for the reasons stated in the bankruptcy court's order entered on November 26, 2012. Order Den. Mots. to Partially Set Aside Consent Orders, *In re Kem Lott Ralph*, No. 06-24163 (Bankr. W.D. Tenn. Nov. 26, 2012), ECF No. 569.